## 49027. PROMECH CORPORATION v. BRODHEAD-GARRETT COMPANY.

EVANS, Judge.

Brodhead-Garrett Co. allegedly sold certain goods to Promech Corporation. Goods were shipped and the bill of lading showed they were consigned to "Promech Corp., c/o Alltransport, Inc., 17 Battery Place, New York, New York," with notation to notify Morris Brosman at Alltransport, Inc. prior to delivery. All packages were apparently marked for final delivery in Calabar, Nigeria. The bill of lading shows some items would be carried by "Int Motor Freight, Malta At Cleveland, Ohio, 44105, June 2, 1971 . . ." and a memorandum copy of bill of lading shows other packages by carrier "Lanc, Pa. Maislin At Cleveland, Ohio 44105 6/11 1971." An invoice was sent to Promech at Valley Stream, New York, dated 6-8-71, showing thereon "F. O. B. New York Domestic Packed." Promech was billed in Atlanta, Georgia, on 6-28-73.

Brodhead-Garrett Co. sued Promech Corporation on open account, and alleged the indebtedness had not been paid. Defendant answered and admitted the jurisdiction and denied the remainder of complaint.

Trial was had before the court without the intervention of a jury. The court found plaintiff sold the goods and directed same to be delivered to a carrier F. O. B., and that said goods were delivered as shown by

the bill of lading, and that plaintiff has not been paid. The court's conclusion of law was that plaintiff was entitled to judgment in the amount stated in the account. Defendant appeals. *Held:*

1. The obligation of the seller is to transfer and deliver, and that of the buyer is to accept and pay *in accordance with the contract.* Code Ann. § 109A-2—301 (UCC, Ga. L. 1962, pp. 156, 183).

2. *A contract* of sale may be shown by conduct of the parties *showing an agreement.* Code Ann. § 109A-2—204 (UCC, supra, p. 178).

3. Title to goods cannot pass *under a contract* of sale prior to their *identification to the contract.* Code Ann. § 109A-2—401 (UCC, supra, p. 200).

4. An insurable interest or property interest in the goods occurs when the goods are shipped, marked or otherwise designated by the seller as goods *to which the contract refers.* Code Ann. § 109A-2—501 (UCC, supra, p. 203).

5. All of the above sections of the Uniform Commercial Code refer to the "contract" or "agreement." Plaintiff contends he had an agreement to sell, but where is the proof of an agreement to buy? *If the contract* requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment, *but if the contract* requires delivery at destination, title passes on tender there. Code Ann. § 109A-2—401, supra.

6. Plaintiff asserts constructive delivery to defendant by the language found on the invoice, "F. O. B. New York Domestic Packed." *But defendant's agreement to these terms* has not been shown by any evidence, oral or written. Nor were the items on the bill of lading and memorandum connected up to those on the invoice and bill.

7. The words "agreement" and "contract" are used over and over again in the above Code sections of the Uniform Commercial Code. While plaintiff's evidence has shown an agreement to sell, we find no evidence showing an agreement by defendants to buy, accept and pay for the goods. While defendant offered no evidence, it denied

any indebtedness. The evidence simply fails to show a contract of purchase sufficient to authorize an award in favor of the plaintiff.

*Judgment reversed. Pannell, J., concurs. Eberhardt, P. J., concurs specially.*

Submitted February 6, 1974 — Decided March 14, 1974.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellant.

*Lazarus, Stokes & Kaplan, John H. Watson, J. Michael Kaplan,* for appellee.

Eberhardt, Presiding Judge, concurring specially.

As I understand the majority opinion, the trial court's judgment is reversed on the basis that the contract for the purchase and sale of the goods was not sufficiently proven. The only evidence introduced to prove the contract was an invoice from plaintiff to defendant. This invoice shows the customer order number, the date of the order, the invoice number and date, the goods ordered and a notation "Sold to [Promech]," "Terms: net 30 days," "F.O.B. New York Domestic Packed," etc., all of which appears on plaintiff's invoice form bearing its letterhead. There is, however, no evidence showing the order for the goods (other than the customer order number), that defendant actually received the goods, that it received the invoice, or that the invoice was mailed under circumstances which would authorize a presumption or inference of delivery. I therefore concur that the evidence was insufficient to prove the requirements of a contract as found in Code Ann. § 109A-2—201, or any of its sub-sections. The plaintiff simply failed to make out his case.